IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01844-LTB-CBS

SOLOMON BEN-TOV COHEN,
     Applicant,
v.

MICHAEL MUKASEY, Attorney General,
     Respondent.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

Magistrate Judge Craig B. Shaffer

This civil action comes before the court on Mr. Cohen's Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Amended Petition") (filed September 3, 2008) (doc. # 3) and on: (1) Respondent's "Motion to Dismiss for Lack of Jurisdiction and for Failure to State a Claim" (filed November 4, 2008) (doc. # 19); (2) Mr. Cohen's "request for an injunction" (filed November 7, 2008) (doc. # 25) (docketed by the Clerk of the Court as "Motion for Preliminary Injunction"); and (3) Mr. Cohen's "Complaint" (filed December 23, 2008) (doc. # 33) (docketed by the Clerk of the Court as "Motion for Remand to the United States Supreme Court").  Pursuant to the Order of Reference dated September 15, 2008 (doc. # 6) and the memoranda dated November 5, 2008 (doc. # 20), November 12, 2008 (doc. # 26), and January 20, 2009 (doc. # 36), these matters were referred to the Magistrate Judge.  The court has reviewed the motions, Mr. Cohen's Response (filed January 7, 2009) (doc. # 34), Respondent's Responses (filed November 28, 2008 and January 12, 2009 (docs. # 29 and # 35)), Respondent's Reply (filed January 22, 2009) (doc. # 37), the pleadings and exhibits, the entire case file, and the applicable law, and is sufficiently advised in the premises.

1

I.      Statement of the Case

Mr. Cohen is a citizen and national of the United Kingdom who entered the United States most recently on June 21, 2002 at Los Angeles, California, under the Visa Waiver Program ("VWP"), 8 U.S.C. § 1187 (Immigration and Naturalization Act ("INA") § 217), and was authorized to stay in the United States for no longer than 90 days. (*See* Exhibit 1 to Motion to Dismiss (Declaration of Jorge Tenarodriguez) (doc. # 19-2) at ¶ 2). Mr. Cohen did not depart the United States within 90 days and United States Immigration and Customs Enforcement ("ICE"), a subagency of the Department of Homeland Security ("DHS"), issued an order of removal on November 26, 2003. (*See id.* at ¶ 3 and p. 4 of 17).[1] Mr. Cohen was detained by ICE on November 26, 2003 in Virginia after ICE received information from the U.S. Capitol Police that Mr. Cohen allegedly sent inappropriate emails from California to a member of Congress, Representative Henry Waxman, and had traveled to Washington, D.C. to demand an appointment with Mr. Waxman. (*See id.* at ¶ 4 and pp. 5-6 of 17).[2] ICE determined at that time

---

[1]      The VWP is
"a program which provides an expedited admission process for aliens from certain countries and authorizes approved aliens to stay in the United States for up to ninety days. The VWP also provides an expedited removal process. Before an alien may enter the United States pursuant to the VWP, the alien is required to sign a waiver of his right to contest removal other than through an application for asylum."
*Ferry v. Gonzales*, 457 F.3d 1117, 1126 (10th Cir. 2006) (citing 8 U.S.C. § 1187(b)(2)). If a VWP entrant is found to be deportable under INA § 237 (8 U.S.C. § 1227) (which includes, as here, overstaying authorization to remain in the United States), then the VWP entrant is ordered by an ICE official to be removed from the United States, as opposed to a removal order made by an immigration judge. 8 C.F.R. § 217.4(b)(1). If a VWP entrant applies for asylum, the asylum application is referred to an immigration judge for an "asylum only" proceeding where the immigration judge considers only whether the VWP entrant qualifies for asylum. (8 C.F.R. § 1208.2(c)(3)(i)). The determination whether a VWP entrant is removable for violating the conditions of the VWP program is entrusted to an ICE official.

[2]      Mr. Cohen refers to this incident in his habeas petition as follows: "Applicant was arrested in the office of Congressman Henry Waxman at the Rayburn Office Building two days before Thanksgiving, November 2003 on the false charge of 'making threats against a Congressman' by a Special Agent of the Capital Police." (*See* Amended Petition (doc. # 3) at p. 11.

that Mr. Cohen had an outstanding warrant for his arrest and four previous arrests from 2000 to 2003. (*See id.*).

After ICE detained him, Mr. Cohen told ICE that he feared returning to the United Kingdom. (*See* doc. # 19-2 at ¶ 5). ICE therefore issued a Form I-863 Notice of Referral to Immigration Judge, dated February 6, 2004, to initiate "asylum only" proceedings before an immigration judge. (*See id.*; *see also* 8 C.F.R. § 217.4(b)(1) (providing that a VWP entrant who is found to be deportable shall be removed without referral to an immigration judge except if he/she applies for asylum). Mr. Cohen was released from ICE custody on bond on or about March 30, 2004. (See Amended Petition (doc. # 3) at p. 12 of 19; Response (doc. # 34-3) at p. 12 of 87). An immigration judge set a hearing date of July 22, 2005 to consider Mr. Cohen's asylum application. (*See id.* at p. 13 of 19; *see also* doc. # 19-2 at p. 8 of 17). Mr. Cohen did not appear at this hearing and, thus, abandoned his asylum application and forfeited his bond. (*See id.*).

In 2008, Mr. Cohen filed a motion with the immigration court to reopen his case, alleging that he did not receive notice of the asylum hearing on July 22, 2005. (*See* doc. # 19-2 at ¶ 6). The immigration court granted Mr. Cohen's motion on February 15, 2008, reopening the proceedings for the limited purpose of allowing Mr. Cohen an "asylum only" hearing, that is, a hearing on his application for asylum and related forms of relief, and changing venue to Denver, Colorado. (*See* doc. # 19-2 at ¶ 5 and p. 9 of 17). Mr. Cohen was detained by ICE in Aurora, Colorado on June 1, 2008 after being released from the custody of the State of Colorado. (*See* doc. # 19-2 at ¶ 6 and p. 13 of 17). ICE detained Mr. Cohen without bond based on his failure

---

Mr. Cohen also refers to this incident in more detail in *Cohen v. Doe*, 08-cv-2188-BNB, doc. # 3.

to appear at his previously scheduled asylum hearing, his lack of ties to and equities in the United States, and his arrest and conviction record in the United States. (*See* doc. # 19-2 at ¶ 6 and p. 12 of 17). In addition to the arrests outlined above, ICE determined that Mr. Cohen had been arrested three more times since 2004. (*See* doc. # 19-2 at ¶ 6 and p. 11 of 17). ICE detained Mr. Cohen under authority of INA § 236 (8 U.S.C. § 1226). (*See* doc. # 19-2 at ¶ 6 and p. 13 of 17).

After detaining Mr. Cohen in Aurora, Colorado in 2008, ICE notified the Immigration Court that Mr. Cohen was in its custody and requested that the immigration judge reschedule the asylum proceedings. (*See* doc. # 19-2 at ¶ 7). A hearing was then scheduled before an immigration judge to consider Mr. Cohen's asylum application. (*See id.*).

A bond redetermination hearing was held on June 25, 2008, at which bond was set in the amount of $10,000. (*See* doc. # 19-2 at ¶ 8 and pp. 14-15 of 17). Also on June 25, 2008, the immigration judge vacated his bond decision based on jurisdictional reasons. (*See* doc. # 19-2 at ¶ 8 and p. 14 of 17).[3] On July 16, 2008, the immigration judge denied Mr. Cohen's request for bail based on lack of jurisdiction. (*See* doc. # 19-2 at p. 15 of 17). Pursuant to 8 C.F.R. § 1003.38, Mr. Cohen had thirty days to appeal this decision to the Board of Immigration Appeals ("BIA"). Mr. Cohen did not appeal the immigration judge's bond decision. (*See* doc. # 19-2 at ¶ 8 and p. 15 of 17).

Through counsel, Mr. Cohen filed a motion requesting a bond reduction with the immigration judge on or about October 9, 2008. (*See* doc. # 19-2 at ¶ 9 and p. 15 of 17). The immigration judge denied that motion on October 30, 2008. (*See id.*). Pursuant to 8 C.F.R.

---

[3]     In an "asylum only" proceeding before an immigration judge,  the immigration judge only has authority to determine whether an alien is eligible for asylum or withholding or deferral of removal. 8 C.F.R. § 208.2(c)(3)(i).

§1003.38, Mr. Cohen had thirty days to appeal this decision to the BIA. No appeal of that decision has been filed. (*See* doc. # 19-2 at ¶ 9).

A hearing regarding Mr. Cohen's asylum application was scheduled for November 6, 2008. (*See* doc. # 19-2 at ¶ 10 and pp. 16-17 of 17). Mr. Cohen has since indicated that "honorable Judge Vandello "ordered me removed" on November 6, 2008. (*See* Motion for Preliminary Injunction (doc. # 25) at p. 1 of 8). Mr. Cohen remains in ICE custody in Aurora, Colorado under the authority of INA § 236 (8 U.S.C. § 1226). (*See* doc. # 19-2 at ¶ 7).

II.    Motion to Dismiss Amended Petition

A.    Standard of Review

Respondent moves to dismiss the Amended Petition for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) and for failure to state a claim under Fed. R. Civ. P. 12(b)(6).

Under Rule 12(b)(1), a motion to dismiss may be granted if the court does not have subject matter jurisdiction over the matter. In addressing a jurisdictional challenge, the court need not presume all of the allegations contained in the complaint to be true, "but has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts. . . ." *United States v. Rodriguez-Aguirre*, 264 F.3d 1195, 1204 (10th Cir. 2001) (citation omitted). The party invoking federal jurisdiction bears the burden of proving that subject matter jurisdiction exists. *Marcus v. Kansas Dept. of Revenue*, 170 F.3d 1305, 1309 (1999).

Rule 12(b)(6) states that a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." To withstand a motion to dismiss, a complaint must contain enough allegations of fact "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v.*

*Twombly*, 550 U.S. 544, 570 (2007).  The burden is on the plaintiff to frame "a complaint with enough factual matter (taken as true) to suggest" that he or she is entitled to relief.  *Twombly*, 550 U.S. at 556.  "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.*

Because Mr. Cohen appears *pro se*, the court "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States Govt*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted). *See also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (holding allegations of a pro se complaint "to less stringent standards than formal pleadings drafted by lawyers").  However, a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991).  A court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged. *Associated General Contractors of California, Inc. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983). *See also Whitney v. State of New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (court may not "supply additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues").

B.    Analysis

Mr. Cohen's claims may properly be characterized as challenges to the fact of his confinement and challenges to the conditions of his confinement.  Mr. Cohen challenges the fact of his confinement by claiming that he should be released or should be released on bond and

that ICE's failure to release him violates his constitutional right to due process and the INA. *See* Amended Petition (doc. # 3) at pp. 2-3, 5, 15-19 of 19). Mr. Cohen challenges the conditions of his confinement in that he alleges: (1) that he is unable to practice certain elements of his Jewish religion in custody;[4] (2) that he is unable to adequately prepare immigration and related cases while detained because he cannot access the Internet, email, or his computer hard drive; and (3) that he has received inadequate medical care in that he cannot receive his medication for ADHD and he has developed diabetes. (*See* Amended Petition (doc. # 3) at pp. 3, 4, 17).

1.      This Court Lacks Subject Matter Jurisdiction over Mr. Cohen's Challenges to Detention

ICE is detaining Mr. Cohen pursuant to 8 U.S.C. § 1226 (INA § 236) while his asylum application is being considered. Under that statute, the Attorney General has discretion whether to detain an alien like Mr. Cohen whose removal determination is pending. 8 U.S.C. § 1226(a).[5] While an alien may be granted bond under certain conditions, 8 U.S.C. § 1226(a), Congress has divested courts of jurisdiction to review bond determinations. *See* 8 U.S.C. § 1226(e) ("[T]he Attorney General's discretionary judgment regarding the application of this section shall not be

---

[4]      Mr. Cohen has since indicated that, due to the passage of time, his claim regarding his alleged inability to practice his religion while incarcerated is now moot. (*See* Response (doc. # 34) at p. 65).

[5]      The statute says "Attorney General," but this authority actually resides in the Secretary of DHS. The Homeland Security Act of 2002, Pub.L. 107-296, created DHS. The Act transferred to DHS the functions that the Immigration and Naturalization Service ("INS") previously exercised relating to detention and removal of aliens. 6 U.S.C. § 251. In turn, the Act provided that any reference to an officer in any federal law regarding functions that were transferred by the Act is deemed to refer to the Secretary of DHS. 6 U.S.C. § 557. Thus, because the Act transferred functions related to the detention and removal of aliens to DHS, the reference in 8 U.S.C. § 1226 to the Attorney General should actually be read as Secretary of DHS. See United States v. Rios-Zamora, 2005 WL 2995592, *2 (10th Cir. Nov. 9, 2005) (references in statute regarding admissibility of alien to Attorney General are read as referring to Secretary of DHS). The Secretary of DHS has in turn delegated authority regarding custody determinations under 8 U.S.C. § 1226. *See, e.g.*, 8 C.F.R. § 236.1(c)(8);  8 C.F.R. § 2.1.

subject to review."). Congress has further made clear that discretionary orders, including bond determinations pursuant to § 1226, are not reviewable.  8 U.S.C. § 1252(a)(2)(B)(ii).  Thus, pursuant to § 1226(e) and § 1252(a)(2)(B)(ii), this court lacks jurisdiction to consider Mr. Cohen's request for release or release on bond.  *See Hatami v. Chertoff*, 467 F. Supp. 2d 637, 639-40 (E.D. Va. 2006) (concluding that § 1252(a)(2)(B)(ii) precluded judicial review of immigration judge's bond decisions made pursuant to § 1226)*; Mutebi v. Mukasey*, 2008 WL 4297035 at *5-6 (D. Colo. Sept. 11, 2008) (pursuant to § 1226(e) and § 1252(a)(2)(B)(ii), District Court for the District of Colorado lacked jurisdiction to consider petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 requesting release on bond pending asylum hearing).[6]  Finally, Title 8 U.S.C. § 1252(b)(9) also precludes judicial review of Mr. Cohen's Amended Petition.  Section 1252(b)(9) is the "unmistakable zipper clause" that consolidates in the court of appeals judicial review of all legal and factual questions arising from actions taken to remove an alien.  *See Reno v. AADC*, 525 U.S. 471, 483 (1999).  Section 1252(b)(9) provides "[j]udicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States under this title shall be available only in judicial review of a final order under this section."  Such review of a formal order of removal rests solely in the courts of appeals.  *See* 8 U.S.C. § 1252(a).  *See also Shehu v. Attorney General of the United States*, 482 F.3d 652, 656 (3d Cir. 2007) (denial of a VWP applicant's petition for asylum "constitutes a final order of removal within the meaning of" § 1252(a)(1) and vests the Court of Appeals with jurisdiction to review asylum proceedings);  *Ferry*, 457 F.3d at 1125-26 (jurisdiction to review the BIA's denial of asylum for a VWP alien in asylum-only proceedings exists under § 1252(a)(1) in the Court of

---

[6]     A copy of this unpublished case is attached to this Recommendation.

Appeals).  "No court shall have jurisdiction, by habeas corpus . . . or by any other provision of law to review such an order or such questions of law or fact."  8 U.S.C. § 1252(a).

Mr. Cohen argues that the court has jurisdiction under the REAL ID Act (8 U.S.C. § 1252(a)(5)), citing *Lin v. Chertoff*, 522 F. Supp. 2d 1309, 1314 (D. Colo. 2007), *judgment vacated in part, appeal dismissed by* 2009 WL 74405 (10th Cir. (Colo.) Jan. 13, 2009).  (*See, e.g.*, Response (doc. # 34) at pp. 16-17, doc. # 34-3 at pp. 41-44 of 87).  That case does not support Mr. Cohen's argument, however, as the court there found that it lacked jurisdiction as to the petition for a writ of habeas corpus pursuant to § 2241 based on the limitation of § 1252(a)(5).

The court also lacks jurisdiction over this action because Mr. Cohen has not exhausted his challenge to detention.  An alien may challenge his detention while in federal custody by seeking habeas corpus relief pursuant to 28 U.S.C. § 2241, if the applicant has exhausted all available administrative remedies before commencing the action in federal court.  *See, e.g., Sidabutar v. Gonzales* 503 F.3d 1116, 1118 (10th Cir. 2007) ("we generally assert jurisdiction only over those arguments that a petitioner properly presents to the BIA");  *Torres de la Cruz v. Maurer*, 483 F.3d 1013, 1017 (10th Cir. 2007) ("We have recognized that neglecting to take an appeal to the BIA constitutes a failure to exhaust administrative remedies as to any issue that could have been raised, negating the jurisdiction necessary for subsequent judicial review.") (internal quotation omitted);  *Camara v. Comfort*, 235 F. Supp. 2d 1174, 1177 (D. Colo. 2002) (finding that it is well settled that an alien must exhaust his administrative remedies before presenting a habeas petition).

Where the Attorney General has determined the terms of custody of an alien pursuant to § 1226(a), a request for bond redetermination must be filed with the immigration court.  *See* 8 C.F.R. § 1236.1(d)(1); 8 C.F.R. § 1003.19(c)(1)-(3).  The Immigration Judge's decision regarding

bond is then to be appealed to the BIA. *See* 8 C.F.R. § 1236.1(d)(3); 8 C.F.R. § 1003.38(b). Here, on July 16, 2008, the immigration judge denied Mr. Cohen's request for bail based on lack of jurisdiction. (*See* doc. # 19-2 at p. 15 of 17). Pursuant to 8 C.F.R. § 1003.38, Mr. Cohen had thirty days to appeal this decision to the BIA. Mr. Cohen did not appeal the immigration judge's bond decision. (*See* doc. # 19-2 at ¶ 8 and p. 15 of 17). On or about October 6, 2008, Mr. Cohen filed another motion to set a bond. (*See* doc. # 19-2 at ¶ 9 and p. 15 of 17). The immigration court denied that on October 30, 2008. (*See* doc. # 19-2 at p. 15 of 17). The record before the court does not show that Mr. Cohen appealed that decision.

Other than Mr. Cohen's statement that "[e]arlier today Honorable Judge Vandello Order me Removed" (*see* doc. # 25 at p. 1 of 8), the record before the court does not indicate how Mr. Cohen's asylum claim has been decided or whether it has been presented to the BIA. The record contains no indication that Mr. Cohen has exhausted his administrative remedies. As Mr. Cohen's failure to exhaust administrative remedies precludes judicial review, his claims challenging the fact of his detention are properly dismissed under Rule 12(b)(1).

2.      Mr. Cohen's Due Process Claims

Even if the court had jurisdiction, the VWP provides all the due process a VWP entrant such as Mr. Cohen is due. *See Ferry*, 457 F.3d at 1129 ("By signing the VWP waiver, Ferry received all the due process he is due. . . He relinquished his rights to all other forms of relief."). Mr. Cohen's due process challenges to the denial of bond fail to state a claim upon which relief can be granted.[7]

---

[7]      None of Mr. Cohen's other arguments support denial of the Motion to Dismiss. *See, e.g.*, doc. # 34 at p. 2 of 50 (alleging untimeliness of Motion to Dismiss); doc. # 7 (setting deadline for filing of Motion to Dismiss); doc. # 34 at p. 48 of 50; doc. # 34-2 at p. 15 of 70 ("Federal

3.      Mr. Cohen's Challenges to Conditions of Confinement

Courts distinguish between the fact of confinement, which may be challenged through a habeas corpus petition, and conditions of confinement, which may not be challenged through a habeas corpus petition.  *See Muhammad v. Close*, 540 U.S. 749, 750-51 (2004) ("Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus; requests for relief turning on circumstances of confinement may be presented in a § 1983 action.") (citation omitted);  *McIntosh v. U.S. Parole Commission*, 115 F.3d 809, 812 (10th Cir. 1997) ("Section 2241 actions are not used to challenge prison conditions . . . .") (citation omitted).

Mr. Cohen's claims regarding the conditions of his confinement fail to state a claim for which relief can be granted pursuant to § 2241.  Mr. Cohen's claims regarding access to the Internet, e-mail, and his computer hard drive (*see* Amended Petition (doc. # 3) at p. 3 of 19) are not properly brought in a habeas petition under § 2241.  *See, e.g., Hall v. Flowers*, 1998 WL 3461 at *1 (10th Cir. Jan. 6, 1998) (challenge to adequacy of library facilities not cognizable as a habeas claim).[8]  As to Mr. Cohen's medical claims (*see* Amended Petition (doc. # 3) at p. 17 of 19), on September 15, 2008, Mr. Cohen filed a letter with the court asking to withdraw his Complaint in another case because he had received his ADHD medication.  (*See* doc. # 2 in Civil Action No. 08-cv-2089-ZLW, Cohen v. Davis).  The Tenth Circuit has explicitly held that such a claim cannot be brought as a habeas claim.  *See United States v. Sisneros*, 599 F.2d 946, 947 (10th Cir. 1979) ("With respect to the medical mistreatment claim, the action was dismissed without prejudice.  This claim in not cognizable in a federal habeas corpus proceeding.").  In

Common Law of Bail"); Amended Petition (doc. # 3) (invoking jurisdiction under 28 U.S.C. § 2241).

[8]      A copy of this unpublished case is attached to this Recommendation.

sum, Mr. Cohen's challenges to the conditions of his confinement are properly dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.[9]


4.      Mr. Cohen's Motion for Preliminary Injunction

The purpose of a preliminary injunction under Fed. R. Civ. P. 65 is to preserve the status quo between the parties pending a final determination on the merits. *Resolution Trust Corp. v. Cruce*, 972 F.2d 1195, 1198 (10th Cir. 1992).   Because a preliminary injunction is an extraordinary remedy, the plaintiff's right to relief must be clear and unequivocal. *SCFC ILC, Inc. v. Visa USA, Inc.*, 936 F.2d 1096, 1098 (10th Cir. 1991).   Whether an injunction should issue is a matter committed to the sound discretion of the trial court.   *See Prows v. Federal Bureau of Prisons*, 981 F.2d 466, 468 (10th Cir. 1992) (holding that the district court's decision will be upheld absent a showing of an abuse of discretion).

Mr. Cohen asks this court to "void today's immigration court proceedings" and "construe this as a Request for in Injunction preventing the Government from moving me out of this facility until this Habeas Corpus is decided." (*See* doc. # 25 at pp. 1, 2 of 8).   Mr. Cohen seeks to alter the status quo rather than preserve it.   Further, for the reasons described above, this court lacks jurisdiction to address Mr. Cohen's requests.   *See* 8 U.S.C. § 1226(e), § 1252(a)(2)(B)(ii), § 1252(b)(9).   *See also* § 1231(g) (Congress has mandated that the Attorney General "arrange for appropriate places of detention for aliens detained pending removal or a decision on removal"); *Van Dinh v. Reno*, 197 F.3d 427, 433 (10th Cir. 1999) (district courts lack jurisdiction to review Attorney General's discretionary decision regarding where to detain aliens).   Mr. Cohen's request

---

[9]      Mr. Cohen's Claim Nine is merely an address at which he alleges he will reside if released.   (*See* Amended Petition (doc. # 3) at p. 19 of 19).

for injunctive relief is properly denied.

5.      Mr. Cohen's Request for "Remand"

Mr. Cohen "moves the court to remand these proceedings to the US Supreme Court." (*See* doc. # 33 at p. 1 of 6).  Mr. Cohen cites and the court knows of no authority allowing this court to "remand" this case to the United States Supreme Court.  A petitioner may seek review in the Supreme Court of a decision of a state court or a United States Court of Appeals on a writ of certiorari.  *See* Rules of the Supreme Court of the United States.  Mr. Cohen's request for "remand" to the U.S. Supreme Court is properly denied.

Accordingly, IT IS RECOMMENDED that:

1.      Respondent's "Motion to Dismiss for Lack of Jurisdiction and for Failure to State a Claim" (filed November 4, 2008) (doc. # 19) be GRANTED.

2.      Mr. Cohen's "request for an injunction" (filed November 7, 2008) (doc. # 25) (docketed by the Clerk of the Court as "Motion for Preliminary Injunction") be DENIED.

3.      Mr. Cohen's "Complaint" (filed December 23, 2008) (doc. # 33) (docketed by the Clerk of the Court as "Motion for Remand to the United States Supreme Court") be DENIED.

4.      Mr. Cohen's Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (filed September 3, 2008) (doc. # 3) be DENIED and this civil action be DISMISSED.

Dated at Denver, Colorado this 13th day of April, 2009.

BY THE COURT:


____s/Craig B. Shaffer_____
United States Magistrate Judge