IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01844-LTB-CBS

SOLOMON BEN-TOV COHEN,
    Applicant,
v.

MICHAEL MUKASEY, Attorney General,
    Respondent.

ORDER

Magistrate Judge Craig B. Shaffer

This civil action comes before the court on Mr. Cohen's letter (filed August 4, 2010) (doc. # 60) (docketed by the Clerk of the Court as "Motion for Investigation"). Pursuant to the memorandum dated August 5, 2010 (doc. # 61), this matter was referred to the Magistrate Judge. The court has reviewed the matter, the entire case file and the applicable law and is sufficiently advised in the premises.

On or about August 28, 2008, Mr. Cohen

> filed a 28 U.S.C. § 2241 petition challenging his detention without bond by Immigration and Customs Enforcement ("ICE"). . . He sought either release or the setting of bond, injunctive and declaratory relief regarding the conditions of confinement as well as damages for wrongful incarceration. The district court denied the petition, concluding that it lacked jurisdiction to review the decision of ICE to hold the petitioner without bond. The court also determined that § 2241 was not the proper vehicle to present the claims regarding the conditions of confinement.

*Cohen Ma v. Hunt*, 2010 WL 1429528 * 1 (10th Cir. (Colo.) April 12, 2010). Mr. Cohen appealed the district court's denial of the petition. Respondent moved to dismiss the appeal as moot because Mr. Cohen was "no longer in the custody of ICE, but rather now is being held in another facility pursuant to an arrest warrant issued after he was indicted in a separate case for violation

1

of 8 U.S.C. § 1253(a)(1)(B)." *Id.* The Tenth Circuit agreed with Respondent that the appeal was moot "as to the release claims and those claims seeking declaratory judgment and injunctive relief regarding the conditions of confinement." *Id.* The Tenth Circuit granted Respondent's motion to dismiss in part, affirmed "the dismissal of the claims seeking damages," and remanded to the district court with instructions to dismiss the "release/bond claims." *Id.* at * 2. On April 13, 2010, the district court dismissed the release/bond claims. (*See* Order (doc. # 59)). Mr. Cohen now asks the court "to ask Eric Holder Jr. Attorney General of the United States to appoint a special prosecutor to investigate and prosecute David Gaouette, Acting U.S. Attorney, Tim B. Jafek, AUSA and ISICE Officer Jorge Ten-Rodriguez for fraud on the court perpetrated during this Habeas Corpus App[lication]." (*See* doc. # 60).

To the extent that Mr. Cohen seeks to initiate a federal criminal prosecution of government officials and attorneys, he lacks standing as a private citizen to invoke the authority that is granted exclusively to United States attorneys by 28 U.S.C. § 547. *See Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir. 1989) ("Generally, a private citizen has no authority to initiate a federal criminal prosecution."); *Winslow v. Romer*, 759 F. Supp. 670, 673-74 (D. Colo. 1991) ("Private citizens generally have no standing to institute federal criminal proceedings."); *Martinez v. Ensor*, 958 F. Supp. 515, 518 (D. Colo. 1997) (same).

To the extent that Mr. Cohen asks the court to initiate criminal proceedings, under the separation of powers doctrine, the court does not have that authority. "The doctrine of separation of powers, inherent in our tripartite constitutional scheme of government, prohibits free judicial interference with the exercise of the discretionary powers of the attorneys of the United States over criminal prosecutions." *United States v. Johnson*, 577 F.2d 1304, 1307 (5th Cir. 1978) (citations omitted). It is without question that governmental investigation and

prosecution of crime is a quintessentially executive function. *Heckler v. Chaney*, 470 U.S. 821, 832 (1985) (noting that "the decision of a prosecutor in the Executive Branch not to indict . . . [is] a decision which has long been regarded as the special province of the Executive Branch, . . ."). *See also Newman v. United States*, 382 F.2d 479, 480 (D.C. Cir. 1967) (Burger, J.) ("Few subjects are less adapted to judicial review than the exercise by the Executive of his discretion in deciding when and whether to institute criminal proceedings, or what precise charge shall be made, or whether to dismiss a proceeding once brought."); *United States v. Cox*, 342 F.2d 167, 171 (5th Cir. 1965) ("It follows, as an incident of the constitutional separation of powers, that the courts are not to interfere with the free exercise of the discretionary powers of the attorneys of the United States in their control over criminal prosecutions.") (footnote omitted); *United States v. Hastings*, 447 F. Supp. 534, 536 (D. Ark. 1977) ("the Executive fulfills the role as the absolute judge of whether a prosecution should be initiated").

Mr. Cohen further states "Rule 60(b) mandates that Judgment obtained through Fr[au]d on the Court be vacated and s[an]ctions impo[sed] on the parties." Mr. Cohen does not specify which paragraph of Rule 60 he is invoking. Rule 60(b)(3) states:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for ... (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party.

Fed. R. Civ. P. 60(b)(3). *See Zurich North America v. Matrix Service, Inc.*, 426 F.3d 1281, 1290 (10th Cir. 2005) ("Rule 60(b)(3) allows a court to relieve a party from a final judgment based on fraud . . . , misrepresentation, or other misconduct of an adverse party.") (internal quotation marks and citation omitted). *See also United States v. Buck*, 281 F.3d 1336, 1341 (10th Cir. 2002) ("We first note that claims of fraud upon the court fall under Rule 60(b)(3) . . ."). "Proof of fraud upon the court must be by clear and convincing evidence." *United States v. Buck*, 281 F.3d

at 1342. "Moreover, the challenged behavior must substantially have interfered with the aggrieved party's ability fully and fairly to prepare for and proceed at trial." *Zurich North America*, 426 F.3d at 1290 (quotation omitted).

First, Mr. Cohen alleges no fraud by an opposing <u>party</u> that substantially interfered with his ability to prepare his case. Thus, his Rule 60(b)(3) motion is properly denied on the merits. Second, Mr. Cohen states that "Mr. Gaouette and Mr. Jafek lied to the court when they stated that $3,000 immigration bond attached to Habeas Application had been forfeited in 2004." Mr. Cohen does not contest that he was released from ICE custody on or about March 30, 2004 on a $3,000 bond, that an immigration judge set a hearing date of July 22, 2005 to consider his asylum application, and that he did not appear at this hearing. (See Amended Petition (doc. # 3) at pp. 12-13 of 19; Response (doc. # 34-3) at p. 12 of 87; doc. # 19-2 at p. 8 of 17). None of the decisions of the Magistrate Judge, the District Judge, or the Tenth Circuit Court of Appeals were based upon the courts' interpretation of whether or not Mr. Cohen forfeited his "$3,000 immigration bond." Mr. Cohen has not related his argument in any way to his "ability fully and fairly to prepare for and proceed at trial." *Zurich North America*, 426 F.3d at 1290. Mr. Cohen fails to state a claim for fraud on the court.[1]

Accordingly, IT IS ORDERED that Mr. Cohen's letter (filed August 4, 2010) (doc. # 60) (docketed by the Clerk of the Court as "Motion for Investigation") is DENIED.

Dated at Denver, Colorado this 6th day of August, 2010.

---

[1] To the extent that Mr. Cohen may be alleging that relief is appropriate under Rule 60(b)(6), which allows a district court to relieve a party from a final judgment for "any other reason justifying relief from operation of the judgment," absent extraordinary circumstances, Rule 60(b)(6) does not provide any relief once the Tenth Circuit issued its mandate affirming the district court's judgment. *See Colo. Interstate Gas Co. v. Natural Gas Pipeline Co.*, 962 F.2d 1528, 1534 (10th Cir. 1992).

BY THE COURT:


　　　s/Craig B. Shaffer
United States Magistrate Judge